UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| PAUL GRIESEDIECK, HENRY GRIESEDIECK, SPRINGFIELD IRON AND METAL LLC, AMERICAN PULVERIZER COMPANY, HUSTLER CONVEYOR COMPANY, and CITY WELDING, <br><br>     Plaintiffs, <br><br>vs. <br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; KATHLEEN SEBELIUS, in her official capacity as the Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF THE TREASURY; TIMOTHY F. GEITHNER, in his official capacity as the Secretary of the United States Department of the Treasury; UNITED STATES DEPARTMENT OF LABOR; and HILDA L. SOLIS, in her official capacity as Secretary of the United States Department of Labor, <br><br>     Defendants. | CASE NO. _____ |

## COMPLAINT

Plaintiffs, Paul Griesedieck, Henry Griesedieck, Springfield Iron and Metal, LLC, American Pulverizer Company, Hustler Conveyor Company, and City Welding, by and through their attorneys, state the following claims against Defendants:

## NATURE OF ACTION

1. In this case, Plaintiffs seek judicial review of Defendants' violations of constitutional

and statutory provisions in connection with Defendants' promulgation and implementation of certain regulations adopted under the 2010 Patient Protection and Affordable Care Act ("PPACA"), specifically those regulations mandating that employers include in employee health benefit plans coverage of services that violate Plaintiff's religious and moral values.

2. Specifically, Plaintiffs ask the court for declaratory and injunctive relief from the operation of the Final Rule confirmed and promulgated by Defendants on February 15, 2012, mandating that group health plans include coverage, without cost sharing, for "all Food and Drug Administration-approved contraceptive methods, sterilization procedures and patient education and counseling for all women with reproductive capacity" in plan years beginning on or after August 1, 2012 (hereafter, "the Mandate" or "the Final Rule") see 45 CFR § 147.130 (a)(1)(iv), as confirmed at 77 Fed. Register 8725 (Feb. 15, 2012), adopting and quoting Health Resources and Services Administration (HRSA) Guidelines found at http://www.hrsa.gov/womensguidelines.

3. Plaintiffs, Paul and Henry Griesedieck, are adherents of the Evangelical Christian faith. As the individuals with the controlling interest in the named corporate entities, the Griesediecks seek to conduct their business in a manner that does not violate their religious principles.

4. Plaintiffs have concluded that complying with the Mandate would require them to violate their religious beliefs because it would require them to pay for certain "FDA-approved contraceptive methods" that Plaintiffs believe to be the equivalent of early abortions. These drugs include, *inter alia*, "Plan B," "Ella" and other forms of so-called "emergency contraception."

5. Plaintiffs' Christian beliefs include the belief that human life is a sacred gift from

God and that individuals are not permitted to cause, or pay for the direct, intentional, unjustified termination of such life.

6. Plaintiffs contend that, by requiring them to choose between conducting their businesses in a manner consistent with their religion or paying ruinous fines and penalties, the Mandate violates their rights under the First Amendment, the Religious Freedom Restoration Act, and violates the Administrative Procedure Act.

## JURISDICTION AND VENUE

7. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 1346(a)(2) because it is a civil action against agencies and officials of the United States based on claims arising under the Constitution, laws of the United States, and regulations of executive departments and it seeks equitable or other relief under an Act of Congress, and also pursuant to 28 U.S.C. § 1361 as this court may compel officers and agencies of the United States to perform a duty owed Plaintiffs.

8. This court has jurisdiction to render declaratory and injunctive relief pursuant to 5 U.S.C. § 702, 28 U.S.C. §§ 2201-2202, 42 U.S.C. § 2000bb-1, and Federal Rules of Civil Procedure 57 and 65.

9. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(e)(1)(B) and (C) because a substantial part of the events or omissions giving rise to the claim occurred in this district and one of the plaintiffs resides or has its principal place of business in this district.

10. This court has the authority to award Plaintiffs their costs and attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988.

## IDENTIFICATION OF PARTIES

11. Plaintiffs, Paul Griesedieck and Henry Griesedieck are individual citizens of the State

of Missouri and the United States.

12.     Plaintiffs, Paul and Henry Griesedieck, have controlling interest in the additional named Plaintiffs: Springfield Iron and Metal, LLC, American Pulverizer Company, Hustler Conveyor Company, and City Welding.

13.     Plaintiffs, Paul and Henry Griesedieck are responsible for setting all policies governing the conduct of all phases of the business of each of the additional named Plaintiffs.

14.     Defendant United States Department of Health and Human Services ("HHS"), is an agency of the United States, and is responsible for administration and enforcement of the Mandate/Final Rule.

15.     Defendant Kathleen Sebelius is Secretary of HHS, and is named as a party in her official capacity.

16.     Defendant United States Department of the Treasury is an agency of the United States, and is responsible for administration and enforcement of the Mandate/Final Rule.

17.     Defendant Timothy F. Geithner is Secretary of the Treasury, and is named as a party in his official capacity.

18.     Defendant United States Department of Labor ("DOL") is an agency of the United States, and is responsible for administration and enforcement of the Mandate/Final Rule.

19.     Defendant Hilda L. Solis is Secretary of DOL, and is named as a party in her official capacity.

## FACTUAL ALLEGATIONS

20.     Plaintiffs, Paul and Henry Griesedieck, own and control four companies that are involved, generally, in the business of wholesale scrap metal recycling and manufacturing of machines for said businesses. Springfield Iron and Metal is located in Springfield, Missouri;

American Pulverizer and City Welding are located in St. Louis, Missouri; and Hustler Conveyor is located in O'Fallon, Missouri.

21. Plaintiffs' companies currently have a total of around 175 employees. The employees are covered by three separate health insurance policies, each of which is issued by CIGNA Healthcare. The plans' renewal dates range from December 18, 2012 to January 1, 2013.

22. Plaintiffs wish, on or before said plan renewal dates, to renew their current plans or obtain new employee health coverage that excludes coverage for drugs or services that function in an abortifacient manner, i.e., those with a recognized post-fertilization mechanism of action, including, but not limited to, Plan B, Ella, "the morning-after pill" and similarly acting drugs. Plaintiffs consider such drugs to be the equivalent of early abortions.

23. In the absence of the Mandate being challenged herein, Plaintiffs would be permitted, under state law, to exclude such coverage on religious grounds. Mo. Rev. Stat. § 376.1199, 4(1). Because, however, the drugs in question are considered "FDA-approved forms of contraception," under the terms of the Mandate Plaintiffs are required to pay for them in any employee health care plan they provide.

24. As evangelical Christians, Plaintiffs believe in the sanctity of human life from the moment of conception. They believe it would be sinful to for them to pay for services that have a significant risk of causing the death of embryonic human lives.

## APPLICABLE PROVISIONS OF THE MANDATE

25. Under the Mandate or Final Rule being challenged herein, employers who provide group health insurance plans are required to include in such plans coverage for "all FDA-approved contraceptive methods, sterilization, and education and counseling for same."

26. Plaintiffs constitute a "single employer" for purposes of PPACA as defined at 42

U.S.C. § 18024(b)(4)(A), and are, thus, subject to the Mandate.

27. Plaintiffs' group health plans are due for renewal between December 18, 2012 and January 1, 2013. Plaintiffs wish to renew coverage for their employees while, at the same time, and pursuant to their religious beliefs, exclude coverage for those FDA-approved contraceptive methods described above, i.e., those with a recognized post-fertilization mechanism of action. Under the terms of the Mandate, Plaintiffs will not be permitted to obtain coverage that excludes the aforementioned drugs and services. On the contrary, the Mandate will require that Plaintiffs provide their employees with coverage of those services that Plaintiffs consider immoral on religious grounds.

28. Plaintiffs do not qualify for the "religious employer" exemption contained in the Final Rule. *See* 45 CFR § 147.130 (a)(1)(A) and (B).

29. Because Plaintiffs do not qualify for the "religious employer" exemption, they are not permitted to take advantage of the "temporary safe-harbor" as set forth by Defendants at 77 Fed. Register 8725 (Feb. 15, 2012).

30. Plaintiffs are thus subjected to the Mandate now and are confronted with choosing between complying with its requirements in violation of their religious beliefs, or paying ruinous fines that would have a crippling impact on their ability to survive economically.

31. The Mandate coerces Plaintiffs into complying with its requirements or abandoning integral components of Plaintiffs' religious values and beliefs.

## CAUSES OF ACTION

### COUNT I
### (Violation of the Religious Freedom Restoration Act)

32. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 31 above and incorporate those allegations herein by reference.

33.     Plaintiffs' sincerely held religious beliefs prevent them from providing coverage for "all FDA-approved contraceptive methods, sterilization procedures, and patient education and counseling related to such procedures."

34.     The Mandate by requiring Plaintiffs to pay for said coverage, imposes a substantial burden on Plaintiffs' free exercise of religion by coercing Plaintiffs to choose between conducting their business in accordance with their religious beliefs or paying substantial penalties to the government.

35.     The Mandate furthers no compelling governmental interest.

36.     The Mandate is not narrowly tailored to further any compelling interest.

37.     The Mandate is not the least restrictive means of furthering Defendants' stated interests.

38.     The Mandate and Defendants' threatened enforcement of same violate rights secured to Plaintiffs by the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq*.

39.     Absent injunctive and declaratory relief against the Mandate, Plaintiffs have been and will continue to be harmed.

## COUNT II
### (Violation of the First Amendment to the United States Constitution Free Exercise Clause)

40.     Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 31 above and incorporate those allegations herein by reference.

41.     Plaintiffs' sincerely held religious beliefs prevent them from providing coverage for "all FDA-approved contraceptive methods, sterilization procedures, and patient education and counseling related to such procedures."

42.     The Mandate, by requiring Plaintiffs to provide coverage imposes a substantial

burden on Plaintiffs' free exercise of religion by coercing Plaintiffs to choose between conducting their business in accordance with their religious beliefs or paying substantial penalties to the government.

43. The Mandate furthers no compelling governmental interest.

44. The Mandate is not narrowly tailored to furthering any compelling interest.

45. The Mandate is not the least restrictive means of furthering Defendants' stated interests.

46. The Mandate is neither neutral nor generally applicable.

47. The Mandate and Defendants' threatened enforcement of same violate Plaintiffs' rights to free exercise of religion as guaranteed by the First Amendment to the United States Constitution.

48. Absent injunctive and declaratory relief against the Mandate, Plaintiffs have been and will continue to be harmed.

## COUNT III
### (Violation of the Federal Establishment Clause)

49. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 31 above and incorporate those allegations herein by reference.

50. The First Amendment's Establishment Clause prohibits the establishment of any religion and/or excessive government entanglement with religion.

51. The provisions of the Mandate, including the "religious employer exemption," require the government to examine and evaluate the religious beliefs of Plaintiffs, require the government to discriminate among religious beliefs and organizations, and require the government to adopt particular theological viewpoints and discriminate against others.

52. The Mandate/Final Rule thus violates the Establishment Clause of the First

Amendment.

53. Absent injunctive and declaratory relief against the Mandate, Plaintiffs have been and will continue to be harmed.

## COUNT IV
### (Violation of the First Amendment to the United States Constitution Free Speech Clause)

54. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 31 above and incorporate those allegations herein by reference.

55. The First Amendment protects organizations as well as individuals against compelled speech.

56. Expenditures of money are a form of protected speech.

57. Plaintiffs believe that the aforementioned services, activities, and practices covered by the Mandate/Final Rule are contrary to their religious beliefs.

58. The Mandate/Final Rule compels Plaintiffs to subsidize services, activities, and practices Plaintiffs believe to be immoral.

59. The Mandate/Final Rule compels Plaintiffs to arrange for, pay for, provide, facilitate, or otherwise support coverage for education and counseling related to contraception, sterilization, and abortion.

60. Defendants' actions thus violate Plaintiffs' free speech rights as guaranteed by the First Amendment to the United States Constitution.

61. Absent injunctive and declaratory relief against the Mandate, Plaintiffs have been and will continue to be harmed.

## COUNT V
### (Violation of the Administrative Procedure Act)

62. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 31 above and

incorporate those allegations herein by reference.

63. The PPACA expressly delegates to an agency within Defendant United States Department of Health and Human Services, the Health Resources and Services Administration, the authority to establish "preventive care" guidelines that a group health plan and health insurance issuer must provide.

64. Given this express delegation, Defendants were obliged to engage in formal notice and comment rulemaking as prescribed by law before Defendants issued the guidelines that group health plans and insurers must provide.

65. Proposed regulations were required to be published in the Federal Register and interested persons were required to be given a chance to take part in the rulemaking through the submission of written data, views, or arguments.

66. Defendants promulgated the "preventive care" guidelines without engaging in the formal notice and comment rulemaking as prescribed by law. Defendants delegated the responsibilities for issuing "preventive care" guidelines to a non-governmental entity, the Institute of Medicine, which did not permit or provide for broad public comment otherwise required by the Administrative Procedure Act.

67. Defendants also failed to engage in the required notice and comment rulemaking when Defendants issued the interim final rules and the final rule that incorporates the "preventive care" guidelines.

68. In addition, in its creation of the Mandate/Final Rule, the Government disregarded the large body of medical evidence indicating that hormonal contraceptives can significantly increase women's risks of cancer, stroke, and other diseases.

69. Moreover, the Mandate/Final Rule violates Section 1303(b)(1)(A) of the PPACA,

which provides that "nothing in this title" . . . "shall be construed to require a qualified health plan to provide coverage of [abortion] services . . . as part of its essential health benefits for any plan year." 42 U.S.C.A. § 18023(b)(1)(A)(i) (codification of Section 1303 of the PPACA).

70. The Mandate/Final Rule violates the Religious Freedom Restoration Act.

71. The Mandate/Final Rules violates the First Amendment to the United States Constitution.

72. Defendants, in promulgating the Mandate/Final Rule, failed to consider the constitutional and statutory implications of the Mandate on for-profit employers such as Plaintiffs.

73. The Mandate/Final Rules violates the First Amendment to the United States Constitution.

74. Accordingly, the Mandate/Final Rule is arbitrary and capricious, not in accordance with law or required procedure, and is contrary to constitutional right, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2).

75. Absent injunctive and declaratory relief against the Mandate, Plaintiffs have been and will continue to be harmed.

## PRAYER FOR RELIEF

Plaintiffs repeat and re-allege all allegations made above and incorporate those allegations herein by reference, and Plaintiffs request that this court grant them the following relief and enter final judgment against Defendants and in favor of Plaintiffs:

    A. Declare that the Mandate/Final Rule and Defendants' enforcement of same against Plaintiffs violates the Religious Freedom Restoration Act;

    B. Declare that the Mandate/Final Rule and Defendants' enforcement of same

against Plaintiffs violates the Free Exercise Clause of the First Amendment to the United States Constitution;

  C. Declare that the Mandate/Final Rule and Defendants' enforcement of same against Plaintiffs violates the Establishment Clause of the First Amendment to the United States Constitution;

  D. Declare that the Mandate/Final Rule and Defendants' enforcement of same against Plaintiffs violates the Free Speech Clause of the First Amendment to the United States Constitution;

  E. Declare that the Mandate/Final Rule and Defendants' enforcement of same against Plaintiffs violates the Administrative Procedure Act;

  F. Issue a preliminary and permanent injunction prohibiting Defendants, their officers, agents, servants, employees, successors in office, attorneys, and those acting in active concert or participation with them, from enforcing the Mandate/Final Rule against Plaintiffs and others not before this court who have religious objections to providing health insurance coverage under the Mandate/Final Rule for "all FDA-approved contraceptive methods, sterilization procedures, and patient education and counseling";

  G. Award Plaintiffs their costs and attorney's fees associated with this action; and

  H. Award Plaintiffs any further relief this court deems equitable and just.

      Respectfully submitted,

      */s/ Todd Nielsen*
      Todd Nielsen (MO Bar No. 29109)
      920 Main Street
      Suite 1950
      Kansas City, MO 64105
      Tel: (816) 421-2050
      Fax: (816) 421-2153
      Email: toddanielsen@yahoo.com

Francis J. Manion (KY Bar No. 85594)*
Geoffrey R. Surtees (KY Bar No. 89063)*
AMERICAN CENTER FOR LAW & JUSTICE
PO Box 60
New Hope, KY 40052
Tel: (502) 549-7020
Fax: (502) 549-5252
Email: fmanion@aclj.org, gsurtees@aclj.org

Edward L. White III (MI Bar No. P62485)*
AMERICAN CENTER FOR LAW & JUSTICE
5068 Plymouth Rd.
Ann Arbor, MI 48105
Tel: (734) 662-2984
Fax: (734) 302-1758
Email: ewhite@aclj.org

Attorneys for Plaintiffs

*Motion for admission pro hac vice to be filed.*